## Widdall *v.* Hogan, Appellant.

*Contract—Parol contract—Written contract — Evidence — Case for jury.*

On an issue to determine what was due on a judgment where it appears that the plaintiff relied on a parol contract, although there was a written contract between the parties, a verdict and judgment for plaintiff will be sustained where there is ample evidence to support the plaintiff's contention that a parol contract had been entered into, the subject-matter of which was different from that embraced in the written contract, and his theory is supported by the undoubted fact that payments had been made by defendant in different amounts from those specified in the written agreement.

Argued March 7, 1918. Appeal, No. 32, March T., 1918, by defendant, from judgment of C. P. Luzerne Co., March T., 1916, No. 624, on verdict for plaintiff in case of John A. Widdall v. Theodore A. Hogan and Mary Kate Hogan. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Issue to determine what was due on a judgment. Before GARMAN, J.

The jury returned a verdict for $946.36 upon which judgment was entered. Defendant appealed.

78, (1918).] Assignment of Error—Opinion of the Court.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*G. J. Clark,* with him *O. H. Dilley,* for appellants.

*W. Alfred Valentine,* with him *T. B. Miller,* for appellee.

OPINION BY HEAD, J., July 10, 1918:

As we read the record in this case it fails to disclose any controlling question of law that would or could have justified the learned court below in refusing to submit the questions to the jury. There was a written contract it is true, but its terms were plain and were not involved in the determination of the questions submitted. There was ample evidence to support the plaintiff's contention that a parol contract had been entered into, the subject-matter of which was different from that embraced in the written contract. His theory was supported by the undoubted fact that payments had been made by the defendants in different amounts from those specified in the written agreement. The propriety of the application made by him of these payments, under all of the evidence, became a question of fact for the jury and was, we think, submitted after a fair and impartial charge. We are unable therefore to discover any solid ground upon which a judgment of reversal could rest. The assignments of error are overruled.

Judgment affirmed.